Argued June 21, affirmed July 30, 1979

STATE OF OREGON,
*Respondent,*

*v.*

WILLIAM ARCHIE BAILEY,
*Appellant.*

(No. 78-2566-C-2, CA 13118)

597 P2d 1312

Thomas J. Crabtree, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

James M. Brown, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Gillette and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

Defendant seeks reversal of his conviction for possession of a controlled substance, ORS 475.992(4)(a), more than one ounce of marijuana. He argues that since the legislature has incorrectly classified marijuana as a member of "Cannabis family Moraceae" rather than Cannabis family Cannabaceae, ORS 475.005(22), which defines marijuana, defines a nonexistent substance, the possession of which cannot be a crime.

In *State v. Leppanen*, 252 Or 352, 449 P2d 447 (1969), the defendant urged the court to hold that the inclusion of marijuana by statute as a narcotic drug violated due process. The defendant argued that present knowledge compelled the conclusion that marijuana is not a habit forming drug. The court rejected that argument, stating:

> "The opinions, on the subject, that are expressed in the brief do nothing more than express the best judgment of the persons who express the opinions. Other people, possessed of seemingly equal expertise, find a contrary result from the use of marijuana. The legislature must make the ultimate judgment on the issues presented, not the court." 252 Or at 353.

The present case presents an analogous situation. Defendant's expert witness conceded that some authorities still recognize marijuana as being in the family Moraceae, although this is not the more generally accepted view. As the court decided in *State v. Leppanen*, it is for the legislature to make the final judgment, not this court.

Defendant does not contend that the statutory definition of "marijuana" is vague or confusing. Defendant's expert testified that "Cannabis is cannabis," indicating that the addition of the statutory term "family Moraceae" is mere surplus. Further, defendant does not contend that the legislature exceeded its authority in enacting the prohibition.

[377]

We conclude that the trial court did not err in denying defendant's motion for judgment of acquittal. *Cf., e.g., Rothberg v. United States*, 480 F2d 534 (2nd Cir.), *cert. denied*, 414 US 856, 94 S Ct 159, 38 L Ed 2d 106 (1973); *Haynes v. State*, 312 So 2d 406 (Ala. Crim. App. 1975); *Winters v. State*, 545 P2d 786 (Okl. Crim. App. 1976).

Affirmed.